UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| INDIA EVANS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV621-031 |
| KILOLO KIJAKAZI,[1] | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff India Evans seeks judicial review of the Social Security Administration's denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Insurance (SSI).

## I.   GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, and has been substituted for Acting Commissioner Andrew M. Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

1

and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is

> "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Evans was 49 years old when she applied for DIB and SSI in December 2018. Tr. 255-270 (applications); 38 (providing date of birth). She alleges disability beginning on May 15, 2018. Tr. 36, 58, 72.[2] She has a high school education, an Associate's degree in nursing, and past work experience as a nurse and medical assistant. Tr. 24, 38-39. After a hearing, tr. 32-57, the ALJ issued an unfavorable decision, tr. 12-31.

The ALJ found that Evan's bilateral carpal tunnel syndrome, obesity, generalized anxiety disorder, adjustment disorder with mixed anxiety and depression (depression due to pain), degenerative disc disease of the lumbar spine, diabetes, colitis with neuropathy, Sjogren's syndrome, Reynard's syndrome, fibromyalgia, restless syndrome, and Behcet's syndrome constituted severe impairments, but did not meet or medically equal a Listing. Tr. 18-20. The ALJ thus found that Evans retained the RFC for light work except

---

[2] Plaintiff initially alleged a disability onset date of March 1, 2018. Tr. 58, 72. She then amended the onset date to May 15, 2018. Tr. 36.

4

> . . . frequent ability for bending, balancing, stooping, kneeling, and crouching; occasional crawling; occasional climbing ramps and stairs but no climbing ladders, ropes, or scaffolds; up to frequent bilateral handling and fingering abilities with no exposure to extremities of heat and cold or humidity; no exposure to vibration or machines cause vibration; no exposure to hazardous condition such as unprotected heights, dangerous machinery or uneven moving surfaces. Further limits of simple routine task involving no more than simple short instructions and simple work-related decisions with few workplace changes. No work at piece paid type work. The claimant would be able to maintain attention, concentration for two-hour blocks of time during an 8-hour workday and would be able to schedule maintain regular attendance and be punctual within customary work tolerances and would be [sic] to sustain ordinary routine without special supervision. The claimant would be able to accept and respond to direction and criticism from supervisors. There should be no jobs requiring fine visual acuity so no jobs reading below newspaper size print threading needles, and no jobs requiring good depth perception.

Tr. 20. Evans, he determined, could not perform her past relevant work, but could perform jobs that existed in significant numbers in the national economy. Tr. 24-25. Therefore, she was found to be not disabled. Tr. 26.

Evans appealed the ALJ's decision to the Appeals Council, which denied her request for review. Tr. 1-4. The ALJ's decision then became the final decision of the Commissioner. Tr. 1. Evans filed the instant lawsuit seeking judicial review of that decision. *See* doc. 1.

## III.   ANALYSIS

### 1.   Bilateral Foot Pain

Evans first argues that the ALJ erred by not concluding that her bilateral foot pain was a severe impairment.[3]  Doc. 17 at 10.  Even if Plaintiff is correct, and the ALJ did err in excluding her bilateral foot pain from her list of severe impairments, it was a harmless error.  *See, e.g., Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires.").  The Eleventh Circuit has recognized that, based on its precedent and the governing regulations, "there is no need for an ALJ to identify every severe impairment at step two."  *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014).  Because the ALJ determined that Evans was suffering from several other severe impairments, any failure to include her

---

[3] Evans also argues that the failure to include bilateral foot pain as a severe impairment resulted in a failure to include appropriate standing and walking limitations in the RFC determination.  Doc. 17 at 11.  Because the Court finds that remand is appropriate for another reason, it need not reach this argument, as explained below.

bilateral foot pain as an additional severe impairment was harmless error. *Id.*

## 2. Medical Evidence

Evans raises several issues related to the ALJ's consideration of the medical evidence. Importantly, she argues the ALJ erred in not crediting limitations noted by the consultative examiner, Dr. Christopher Burns, and by giving his opinion only partial persuasion. Doc. 17 at 11-13. She is correct.

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings.[4] 20 C.F.R. § 404.1520c(a). Rather, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. *Id.* § 404.1520c(c). The new regulations differentiate between a "medical opinion," defined as "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) . . . ," 20 C.F.R. §§ 404.1513(a)(2) (defining "medical

---

[4] Plaintiff concedes the application of the revised regulations alter the analysis of her treating physician's opinion. *See* doc. 22 at 1, n.1.

opinion"); 416.913(a)(2) (same), and "other medical evidence," which includes "judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis," 20 C.F.R. §§ 404.1513(a)(3); 416.913(a)(3).

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at \*4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. [20 C.F.R.] § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

>   opinion(s) or prior administrative medical finding(s) will be."
>   Id. § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

In reviewing Dr. Burns' consultative physical examination, the ALJ noted the examination found that Evans "had 5/5 upper extremity strength and 4+/5 lower extremity strength," along with "good memory and concentration, persistence, and pace." Tr. 24 (citing Exhibit 12F (tr. 553-563)). He also noted that the examination revealed Evans "ambulates without difficulty and without assistive device." Tr. 22 (citing Exhibit 12F (tr. 557)). Dr. Burns opined that Evans was able to walk occasionally in an 8-hour workday, along with a limited ability to bend and stoop and a limited range of motion. Tr. 22 (citing Exhibit 12F (tr 561). Ultimately, the ALJ assigned the report only partial persuasion because it did not include a full function-by-function analysis. Tr. 24.

Evans argues that this explanation is insufficient, because it "requires this Court to speculate about his analysis on review." Doc. 17 at 12.

Even under the amended regulations, "[t]he ALJ 'must provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." *Lawrence v. Kijakazi*, 2022 WL 421139, at * 4 (S.D. Ga. Jan. 24, 2022) (quoting *Works v. Saul*, 2021 WL 690126, at *15 (N.D. Ala. Feb. 23, 2021)), *adopted* 2022 WL 417767 (S.D. Ga. Feb. 10, 2022); *see also Martin v. Kijakazi*, 2022 WL 264889, at *4 (S.D. Ga. Jan. 7, 2022) ("[U]nder the [amended] regulations the ALJ 'must consider the opinion, assess its persuasiveness, and *explain* his decision, particularly with respect to supportability and consistency.'" (quoting *Brown v. Comm'r of Soc. Sec.*, 2021 WL 2917562, at *4 (M.D. Fla. July 12, 2021) (alterations omitted))), *adopted* 2022 WL 264549 (S.D. Ga. Jan. 27, 2022). The regulations explicitly provide that the ALJ "will explain *how* [he or she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 416.920c(b)(2) (emphasis added); *see also Cook,* 2021 WL 1565832, at * 2 ("[T]he ALJ *must explain*

10

the consideration of those two factors [*i.e.*, supportability and consistency]." (emphasis added)).

The ALJ's decision to discount Dr. Burns' opinion is explained by a single sentence: "Overall, there is not a full function-by-function analysis, so the undersigned gives only partial persuasion to this physical medicine consultative examination." Tr. 24. He does not suggest how this relates to either supportability or consistency. *Id.* The Commissioner attempts to expand the ALJ's terse statement into an explanation of his consideration of Dr. Burns' opinion by pointing to his discussion of other medical evidence in the record. Doc. 20 at 11 (citing tr. 20-24). Even crediting the Commissioner's briefing, while it plausibly argues that other portions of the ALJ's decision highlight inconsistencies in the medical evidence, it does not explain how the ALJ specifically analyzed those inconsistencies as it relates to Dr. Burns. *Id.* Moreover, neither the ALJ's decision nor the briefing explain how the ALJ considered the extent to which Dr. Burns articulated support for his opinion, as required to satisfy the supportability prong of the analysis. *Cook*, 2021 WL 1565832, at *3.

Despite the Commissioner's attempt to expand upon the ALJ's reasoning, that explanation is simply not manifest in the ALJ's decision. After all, "the ALJ must build a logical analytical bridge explaining what particular evidence undermined [the doctor's] opinions and why." *Michael v. Saul*, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021). The ALJ did not build the metaphorical bridge, and "the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered." *Martin*, 2022 WL 264889, at * 4 (citing *Mills v. Astrue*, 226 F. App'x 926, 931-32 (11th Cir. 2007)). The Court offers no opinion on what a complete and accurate review of the administrative record might conclude. However, in the absence of any direct statement as to the consistency or supportability of Dr. Burns' opinion by the ALJ, the Court cannot affirm the administrative decision as supported by substantial evidence. *See Brown*, 2021 WL 2917562, at *4.

### 3. Plaintiff's Remaining Arguments

Plaintiff also argues that the ALJ failed to include appropriate standing and walking limitations in the RFC, created an evidentiary gap

in the record, erred in not crediting the opinion of her treating physician, and improperly discounted her subjective testimony. Doc. 17 at 14-17. Because the Court finds remand appropriate based on the issue identified with the ALJ's consideration of Dr. Burns' opinion, it need not reach these arguments. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record"); *see also Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings).

### IV.   CONCLUSION

For the reasons set forth above, this matter should be **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA